IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RICHARD EDWARD WEBER, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 24-341<br>District Judge Susan Paradise Baxter<br>Magistrate Judge Maureen P. Kelly |
| v. | ) ) | |
| ERIE COUNTY, et al., | ) ) | Re:  ECF No. 23 |
| Defendants. | ) ) ) ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Richard Edward Weber ("Plaintiff"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this action by lodging a *pro se* civil rights Complaint on December 13, 2024.  ECF No. 1.  He sought leave to proceed *in forma pauperis* ("IFP") and submitted amended pleadings on January 30 and February 3, 2023.  ECF Nos. 4, 6.  The Court granted his IFP motion and docketed his Amended Complaint – the currently operative pleading – on April 30, 2025.  ECF Nos. 19, 22.  Invoking 42 U.S.C. § 1983, Plaintiff primarily alleges that Defendants Jeremy Lightner ("Lightner"), Todd Manges ("Manges"), and Jennifer Nolan ("Nolan")[1] violated his Fourth Amendment right to be free from illegal searches and seizures by confiscating his computer without a valid warrant.  ECF No. 22.  Plaintiff also asserts due process and conspiracy claims against the individual Defendants and a <u>Monell</u> claim against Erie County.  <u>Id.</u>

---

1 Lightner is an "employee of the Erie County District Attorney's Office."  ECF No. 22 ¶ 3.  Manges and Nolan are each employed by the "Erie County Detective's Burough."  <u>Id.</u> ¶¶ 4-5.

Presently before the Court is a Motion to Dismiss or, in the alternative, Motion for Summary Judgment submitted on behalf of Defendants. ECF No. 23. For the following reasons, it is respectfully recommended that the motion be granted.

## II.    REPORT

### A.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Amended Complaint contains few specific factual averments. He alleges that Lightner directed Manges and Nolan to "acquire Plaintiff's computer without a valid warrant" sometime between "January of 2021 and August of 2024." ECF No. 22 ¶¶ 10, 13. He claims that the computer had been mining cryptocurrency at the time and that its seizure caused him to lose "20 Bitcoins, 56 Litecoins and 106 Etherum that would have mined per month from January of 2021 until it's return in August of 2024." Id. ¶ 29. Finally, he states that he didn't discover "who acquired the computer and where and when it was acquired" until Lightner responded to a pleading in a lawsuit that Plaintiff filed in state court in 2023. Id. ¶ 11. He rounds out his pleading with several pages of legal conclusions and bare-bones recitations of the elements of his claims.

A review of the exhibits attached to his pleading and the indisputably authentic public records submitted by Defendants paints a broader picture. Based on those submissions, it appears that Lightner's office began prosecuting Plaintiff for various fraud and theft offenses in May 2018. ECF No. 23-4 at 1. That investigation uncovered criminal activity ranging from credit card fraud and theft to insurance fraud, bigamy, and solicitation of murder.[2] Id. Plaintiff eventually pled guilty or no contest to the solicitation, bigamy, and theft charges. Id. at 2.

---

[2] Plaintiff was apparently soliciting fellow inmates to murder one of his wives.

Sometime thereafter, one of Plaintiff's wives, Amanda Miller ("Miller"), contacted Lightner and asked him to take possession of several items that Plaintiff had left at her residence, including the computer. Id. at 3. Miller explained that she believed the computer contained evidence of additional crimes and didn't know what else to do with it. Id. As noted on an inventory receipt dated January 28, 2021, those items were received by the Erie County Detectives and stored in an evidence locker. ECF No. 23-5.

Almost immediately, Plaintiff began filing various lawsuits concerning the "theft" of his personal computer. The first, filed on May 27, 2022, in the Court of Common Pleas of Erie County, alleged that Miller had "mishandled" his property, including the computer, during his incarceration. ECF No. 23-8. The state court dismissed that complaint on April 10, 2024. Weber v. Miller, 2025 WL 1649895, at *1 (Pa. Super. Ct. June 11, 2025).

Plaintiff next filed a "Petition to Return Plaintiff's Property Held by Erie Police Dept." in the Erie County Court of Common Pleas on July 27, 2023. ECF No. 23-6. In that filing, Plaintiff alleged that the Erie Police Department had taken his computer into custody in 2019 after it had been "stolen" by his ex-girlfriend. Id. He claimed that the police department refused to release it despite that it was not the subject of any warrant or active investigation. Id. Defendant Lightner responded to the petition on behalf of the Erie Police Department, explaining that Miller had brought several of Plaintiff's possessions into the District Attorney's Office because she believed they contained evidence of "further crimes" and was "unsure what to do with them." ECF No. 23-4 at 3. Because the items were not the subject of an active investigation, and unsure how else to dispose of them, the District Attorney's Office accepted them into storage with the intention of returning them to Plaintiff upon his release from prison. Id. Several individuals apparently contacted Lightner seeking to

3

reclaim the computer on Plaintiff's behalf, but he elected not to release it because each of those people "was either a victim of the Plaintiff's frauds or presenting an identification of undetermined legitimacy." Id. at 3-4. Lightner advised the court that the District Attorney's Office had no plans to investigate the computer and would defer to the court as to how to proceed. Id. at 4. After considering the parties' respective positions, the court granted the petition and directed the District Attorney's Office to release the computer to Plaintiff's designated representative. ECF No. 22-2.

In the meantime, Plaintiff filed a third lawsuit, in the Court of Common Pleas of Erie County, against the Erie Police Department and other defendants based on the "theft" of his computer "in or around march of 2019." ECF No. 23-10 at 3. After several amendments to his pleading, he expanded the lawsuit to include claims against Miller, Lightner, Manges, and Nolan, among others. ECF No. 23-12. The trial court dismissed that case on October 24, 2024, and an appeal remains pending. ECF No. 23-13.

Plaintiff initiated the instant federal lawsuit on December 13, 2024. ECF No. 1. Defendants filed the pending motion to dismiss/motion for summary judgment on May 20, 2025. ECF No. 23. In support of their motion, Defendants submitted a Brief in Support, an Appendix of Exhibits, and a Concise Statement of Material Facts. ECF Nos. 23-25. Although the exhibits appended to Defendants' motion appeared to be undisputedly authentic documents relating to matters of public record, the Court, out of an abundance of caution, issued an order advising the parties that it would "treat the pending motion as a motion for summary judgment under Federal Rule of Civil Procedure 56." ECF No. 26. See Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010). The Court instructed Plaintiff to respond by filing "a Memorandum or Brief in Opposition to the Motion, a Responsive Concise Statement of Material Facts, and an Appendix." Id. The Court cautioned Plaintiff that

4

"[e]ach alleged material fact set forth in the moving party's/parties' Concise Statement of Material Facts will for purposes of the motion for summary judgment be deemed admitted unless Plaintiff specifically denies or otherwise controverts it in his/her Responsive Concise Statement as required by Local Rule 56(C)(1)." Id. Despite this warning, Plaintiff filed a Brief in Opposition but failed to submit a Responsive Concise Statement.[3] ECF No. 31. As such, Defendants' motion is now ripe for consideration.[4]

## B.    STANDARD OF REVIEW

### 1.    Motion to Dismiss

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must

---

[3] A non-moving party "faces severe consequences for not properly responding to a moving party's concise statement." Peay v. Sager, 2022 WL 565391, at *2 (W.D. Pa. Feb. 1, 2022) (quoting Hughes v. Allegheny County Airport Authority, 2017 WL 2880875, at *1 (W.D. Pa. July 6, 2017)). Specifically, all material facts set forth in the moving party's concise statement that are not "specifically denied or otherwise controverted by a separate concise statement of the opposing party" must be "deemed admitted." LCvR 56.E. While courts provide some leniency to *pro se* litigants when applying procedural rules, the Court "is under no duty to provide personal instruction on courtroom procedure or to perform any legal chores for the [*pro se* litigant] that counsel would normally carry out." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). Nor may *pro se* litigants ignore procedural rules that apply to parties assisted by counsel. See McNeil v. United States, 508 U.S. 106, 113 (1993) (explaining that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Accordingly, the Court must deem admitted any properly supported statement of material fact in Defendants' submissions to which Plaintiff has failed to respond. See LCvR 56.E.

[4] This matter was transferred to the undersigned on January 26, 2026, following the recusal of the previously

5

the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### 2.    Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after

---

assigned United States Magistrate Judge. ECF No. 30.

6

adequate time for discovery and upon motion ... a party ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex, 477 U.S. at 322; see also Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)) (internal quotations omitted).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences and resolve all doubts in favor of the nonmoving party. Matreale v. N.J. Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

### 3.    *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

7

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should ... be read 'with a measure of tolerance'"); Freeman v. Department of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

Still, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim.... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Thus, because Plaintiff is a pro se litigant, this Court will consider the facts and make inferences where it is appropriate.

## C.   DISCUSSION

As noted above, Plaintiff asserts four claims: (1) a Fourth Amendment claim based on the allegedly unlawful "seizure" of his computer; (2) a Fourteenth Amendment due process claim based on the same incident; (3) conspiracy claims pursuant to 42 U.S.C. § 1985(3) and § 1986; and (4) a Monell claim against Erie County. Because these claims are both time-barred and meritless, Defendants' Motion for Summary Judgment should be granted. Each of these deficiencies will be addressed in turn.

### 1.   Statute of Limitations

The length of the statute of limitations for a Section 1983 claim is governed by the personal injury tort law of the state where the cause of action arose, which in Pennsylvania is two years.

8

Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)); 42 Pa. Cons. Stat. § 5524(2). Here, Plaintiff initiated this action on December 13, 2024. ECF No. 1. He was taken into police custody on May 28, 2019, and the District Attorney's office logged his computer into evidence on January 28, 2021. ECF No. 25 ¶¶ 1, 6. He filed his first lawsuit seeking the return of his computer on May 27, 2022. Id. ¶¶ 12-13. Because each of these events took place prior to December 13, 2022, the earliest possible date on which any allegation in his Complaint could be deemed timely, his claims appear to be barred by the two-year statute of limitations applicable to § 1983 actions.

To salvage his claims, Plaintiff argues that the statute of limitations did not begin to run until "the 9th day of November 2023," the date on which he apparently received Lightner's answer to his return of property petition. ECF No. 31 at 1-2. Under Pennsylvania's discovery rule, the statute of limitations on an injury claim does not begin to run until "the plaintiff knows, or reasonably should know, (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." Debiec v. Cabot Corp., 352 F.3d 117, 129 (3d Cir. 2003) (internal quotation marks and citation omitted). The plaintiff need not know the "exact nature" of his injury, as long as it objectively appears that he "is reasonably charged with the knowledge that he has an injury caused by another." Mest v. Cabot Corp., 449 F.3d 502, 510–11 (3d Cir. 2006) (quoting source omitted). Plaintiff maintains that this did not occur until November 9, 2023, when he "'First Discovered' and was made aware [of] who acquired the computer and where and when." ECF No. 22 ¶ 11.

Upon review, Plaintiff's argument is both factually and legally flawed. As a purely practical matter, Plaintiff's claim that he "first discovered" the source of his injury when he received Lightner's response to his return of property petition is squarely refuted by the fact that his "Petition

9

to Return Plaintiff's Property" already addressed the circumstances surrounding that injury. Those allegations included, for example, that the Erie Police Department had been "given the computer" by Miller "in the year 2019" and "refuse[d] to release and return Plaintiff's property to Plaintiff's POA Joseph Mishook." ECF No. 23-9. To state the obvious, it is logically impossible for Plaintiff to have discovered the details of his injury for the first time in a brief filed in response to his lawsuit seeking redress for that same injury.

Based on the foregoing, it is evident that Plaintiff learned of his injury at some point prior to filing the return of property petition in July 2023. See Sperow v. Berks County Sheriff's Dept., 2020 WL 2307356, at *4 (E.D. Pa. May 8, 2020) (relying on plaintiff's state court return of property petition to confirm "actual knowledge of his injuries and ability to pursue his [illegal search and seizure] claims" as of the time of that filing). The details surrounding his earlier lawsuit against Miller ratchet that date back even further. In that action, filed on May 27, 2022, Plaintiff alleged that he married Miller in 2019, despite still being married to another individual. ECF No. 23-8 at 3. After being taken into custody later that year, Plaintiff gave Miller "limited Power of Attorney to conduct financial transactions on his behalf while he was being detained in Erie County Prison." Id. at 4. He claimed that Miller "mishandle[ed] her responsibilities" under that POA, causing "enormous loss" to Plaintiff, including the loss of a "personal property computer – custom." Id. While he may not have known the precise location of his computer when he drafted that pleading, his averments establish that he knew Miller had disposed of his computer without his permission – the "who" and "what" of his injury – at some point prior to May 27, 2022. ECF No. 23-8 at 5. This is sufficient to commence the statutory limitations period as of that no later than that date and render

the instant action untimely.[5]  Mest, 449 F.3d at 510 (statute starts to run when the plaintiff "is reasonably charged with the knowledge that he has an injury caused by another").

In short, the undisputed evidence of record confirms that Plaintiff knew or reasonably should have known that he had been injured by the allegedly unlawful seizure of his computer at some point prior to May 27, 2022, even if he might have remained unaware of some specific details.  As such, this claim is clearly time-barred. Summary judgment should be granted on this basis.

**2.      Merits**

Even if Plaintiff's allegations were timely, they lack merit.  Plaintiff's state court filings establish that his computer was neither searched nor seized by any of the Defendants – rather, Miller, a non-defendant, voluntarily turned it over to police because she didn't know how else to dispose of it and believed it might contain evidence of additional crimes.  ECF No. 25 ¶¶ 5, 7.  Upon receipt, the District Attorney's Office elected not to search the computer.  Id. ¶¶ 7-8.  Instead, because it "believed that the items should only be returned to Plaintiff," it "essentially held them indefinitely, as they could not be returned to Plaintiff because he was incarcerated at the time." Id. ¶ 8.  Once Plaintiff designated an appropriate agent to take possession of the computer in connection with his state court petition seeking its return, the District Attorney's office released it to that individual's custody.  See ECF No. 23-4 at 54; ECF No. 22-2.  None of this amounts to a Fourth Amendment violation.  See, e.g., Georgia v. Randolph, 547 U.S. 103, 116 (2006) (no Fourth Amendment

---

[5] Notably, the fact that a plaintiff has yet to discover "the exact identities of all allegedly responsible" is not enough to toll the statute of limitations so long as the plaintiff is aware that he has sustained an injury caused by another. Sample v. City of Philadelphia, 2024 WL 3696466, at *4 (E.D. Pa. Aug. 7, 2024) (citing Cruz v. City of Camden, 898 F.Supp. 1100, 1113 (D.N.J. 1995)).  See also Am. Builders Ins. Co. v. Keystone Insurers Grp., 2023 WL 5004049, at *11 (M.D. Pa. Aug. 4, 2023) ("Pennsylvania courts have generally found the discovery rule inapplicable in cases where a plaintiff was aware of an injury and its cause but had not determined the identity of the defendants within the limitations period.") (internal quotation and quoting source omitted); Merry v. Westinghouse Elec. Corp., 684 F. Supp. 852, 855 (M.D. Pa. 1988) ("Nothing in the discovery rule provides for the tolling of the statute until the

violation where "co-tenant acting on his own initiative [delivers] evidence to the police"); Coolidge v. New Hampshire, 403 U.S. 443, 487 (1971) ("Had Mrs. Coolidge, wholly on her own initiative, sought out her husband's guns and clothing and then taken them to the police station to be used as evidence against him, there can be no doubt under existing law that the articles would later have been admissible in evidence."); United States v. Williams, 574 F. Supp. 2d 530, 546 (W.D. Pa. 2008), aff'd, 416 Fed. Appx. 130 (3d Cir. 2011) ("[I]t has been recognized that the voluntary surrender of evidence to the police by a co-tenant of a residence does not present a violation of the Fourth Amendment's prohibition against unreasonable search and seizures.").

Plaintiff also asserts that Defendants "violated [the] due process rights guaranteed to him through the United States Constitution," although he has made no attempt to articulate this claim. ECF No. 22 ¶ 25. To the extent that he may be alleging a substantive due process claim based on the seizure of his computer, the "more-specific-provision" rule requires that claim to be analyzed under the rubric of the Fourth Amendment. See Porter v. Pennsylvania Department of Corrections, 974 F.3d 431, 447 (3d Cir. 2020) ("Under the more-specific-provision rule, if a constitutional claim is covered by a specific constitutional provision, ... the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.") (internal quotations and quoting source omitted); Korman v. Scochin, 2026 WL 93832, at *19 (M.D. Pa. Jan. 13, 2026) ("To the extent Korman is attempting to bring substantive due process claims [based on the same conduct underlying her Fourth Amendment claim], those claims are barred by the more-specific-provision rule."). And, to the extent that he is asserting a procedural due process claim based on the same conduct, that claim fails because Pennsylvania law "provides a process to

---

responsible party is identified.").

12

challenge the seizure of property and a protocol to requests its return." McKenna v. Portman, 538 Fed. Appx. 21, 224-25 (3d Cir. 2013). Indeed, Plaintiff took advantage of this process by successfully petitioning the state court for the return of his computer in 2023.[6] ECF No. 22-2.

Plaintiff conspiracy claim fares no better. ECF No. 22 ¶¶ 26-27. It is well-settled that a required element of a conspiracy claim is the existence of an underlying constitutional violation. See, e.g., White v. Brown, 408 Fed. Appx. 595, 599 (3d Cir. 2010) (affirming summary judgment on conspiracy claims based on the failure to establish an underlying constitutional violation) (citing source omitted). Plaintiff's failure to adduce evidence to create a material factual dispute as to the existence of an underlying violation is fatal to his conspiracy claim.[7]

Finally, Plaintiff asserts a Monell claim against the City of Erie based on an alleged failure to train and supervise Lightner, Manges, and Nolan. As with his conspiracy claim, the lack of an underlying constitutional violation is dispositive. See, e.g., Johnson v. City of Reading, 2025 WL 3565686, at *6 (E.D. Pa. Dec. 12, 2025) (noting that "an underlying constitutional violation" is "a necessary predicate element to any Monell claim"); Lansberry v. Altoona Area Sch. Dist., 356 F. Supp. 3d 486, 497 (W.D. Pa. 2018) ("[T]he requirement of an underlying constitutional violation is implicit in the Third Circuit's Monell framework."). Summary judgment is warranted

---

[6] Plaintiff law also provides an adequate state remedy for any losses stemming from the confiscation of his property in the form of the Pennsylvania Tort Claims Act. Shakur v. Coelho, 421 Fed. Appx. 132, 135 (3d Cir. 2011) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); Baker v. Burkitt, 2024 WL 4535455, at *3 (E.D. Pa. Oct. 21, 2024) (same). Indeed, Plaintiff appears to already be actively pursuing this type of claim in state court. See ECF No. 23-12.

[7] Plaintiff has also failed to identify anything in the record from which a reasonable factfinder might infer that Defendants formulated and executed an agreement to violate his constitutional rights. Carey v. Johnson, 2008 WL 724101, at *10 (W.D. Pa. Mar. 17, 2008) (noting that "bare allegations of wrongdoing by a Defendant, *without any substantiating proof of an unlawful agreement*, are insufficient to state a conspiracy claim.") (emphasis added).

**D.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss or, in the alternative, Motion for Summary Judgment submitted on behalf of Defendants, ECF No. 23, be granted.  Summary judgment should be entered in favor of Defendants and against Plaintiff.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: March 2, 2026

cc:    The Honorable Susan Paradise Baxter
United States District Judge

All counsel of record by Notice of Electronic Filing

14